James Ross et 'al. *v.* John W. Crockett et al.

Where some of the members of a corporation have been excluded by others from their rights and privileges as corporators; in an action to be restored to the enjoyment of those rights, the corporation must be made a party to the suit—and the court should so order and not dismiss the action.

APPEAL from the Second District Court of New Orleans, *Lea,* J.
Sage, for plaintiffs and appellants. *Hunton & Bradford,* for *Crockett.*
*Roselius,* for *Christian Congregation.*

Ogden, J. The plaintiffs set forth in their petition that they, together with four of the defendants in the case, are the only lawful members of a corporation, created in pursuance of an Act of the Legislature of 30th April, 1847, by notarial act in which the objects of the corporation are expressed, and by which they are denominated as the "Elijah Steel Church." They represent themselves to be a majority of the corporators, and charge that the four defendants who are associated with them, constituting a minority, have illegally assumed in conjunction with one *H. N. McTeyre,* to appoint certain others of the defendants as members of the corporation in the place and stead of the petitioners, thus conspiring to deprive the petitioners of their legal and equitable interest in the property belonging to the Church, and that the defendants thus assume to themselves all the powers and rights of the corporation, have made a sale of a lot of ground on which it was contemplated to erect the Elijah Steel Church, and on proceeding to locate the Church in a different place, and out of the parish. The object of the suit, is to have that sale declared null and void, to have themselves with the four defendants associated with them in the original Act of incorporation, declared to be the only legal corporators, and to enjoin the other defendants from further interference with the business or concerns of the corporation. The Christian Congregation, another religious congregation, to whom the lot was sold, were made parties defendant, and on their exception that the Elijah Steel Church in its corporate capacity, was not before the court, the suit was dismissed as regards them. The other defendants filed no exception, but the court below, after hearing the case on its merits, dismissed the petition on the ground that the issue involved affected the franchises of a corporation and that therefore no judgment could be rendered between the parties, without making the corporation as such a party to the suit.

The position assumed by the appellant's counsel, that the right to enjoy the franchises and privileges of a corporation, is a personal right, which may be enforced and which gives rise to a personal action against one who disturbs that right is indispensible, but it does not seem to us to affect the question, whether the corporation is a necessary party to the suit, to enable the court to grant the specific relief prayed for by the plaintiffs. The action is not one for damages for a wrongful and illegal act, but is in the nature of relief sought to be obtained by the interposition of the equitable powers of the court. The right in question, is one of those which is usually enforced by a writ of mandamus, on the ground that there is no legal specific remedy, and when the act must necessarily be done by the whole corporation and not by classes or individual members, the writ must be directed to the whole corporation—a mere disturbance by others of the rights of a corporator, although it would give rise to an action for damages, would not be a proper ground for a mandamus,

Ross
*v.*
CROCKETT.

the object of which, is to restore the corporator to his office, from which he could only have been ejected by an act of the corporation itself. Angel & Ames on Corporations, 566, 584.

Where a mandamus was issued ordering a corporation to command certain persons to do an act, it was quashed as absurd, on the ground that it should have commanded the corporation to do it.

Those rules applicable in cases of mandamus, are referred to for the purpose of showing that when the remedy is sought by a proceeding which is analogous to a bill in chancery, that the corporation 'itself in its capacity as such, is an essential party to enable the court to pass a decree to restore the plaintiffs. No judgment except one ordering the corporation to restore them would be of any avail to the plaintiffs, and such a judgment could not be rendered as the corporation is not a party to the suit.

When the writ of mandamus is resorted to, for the purpose of restoring a corporator to his office, it is required that the writ should be directed to the corporation, not only in their proper names, but in their proper capacity, and that the application should state that capacity, for the same reason it is not sufficient that all the members of the corporation are before the court as parties in their individual capacities, either as plaintiffs or defendants. No decree can be rendered which will be binding on the artificial person, and if it could, it would be destructive of that great object of an incorporation, which Judge Marshall declared to be to bestow the character and properties of individuality on a collection and changing body of men.

We agree with our brother Judge of the court below, that it was necessary the Elijah Steel Church in its corporate capacity, should be made a party to the suit, but we think he ought in the exercises of the ample powers appertaining to a court of equity, to have directed the plaintiffs to bring in the Elijah Steel Church as a party, which could be done in the name of any one of the plaintiffs, the right being common to them all. It is an established rule in courts of equity to require all the parties concerned in interest to be brought before them, in order that the matter in dispute may be finally determined. 10th Wheat. 152. And a want of parties is not necessarily fatal even at the hearing, but the case may be ordered to stand over to make further parties. *West* v. *Randall*, 2d Mason's C. C. R. 181.

As none of the defendants but the "Christian Congregation" filed an exception, on the ground of the want of necessary parties, we think the court below erred in dismissing absolutely the plaintiffs' petition, except as regards the "Christian Congregation," and although the exception was not filed by the "Christian Congregation" in limini litis, yet as the plaintiffs did not avail themselves when the plea was filed, of the right they would have then had, to obtain leave to cite the party then not before the court, and without whom no judgment could be rendered. We think the judgment of dismissal in favor of the Christian Congregation ought not to be disturbed.

It is therefore ordered and adjudged, that the judgment of the court below in favor of the "Christian Congregation," on their exception be affirmed, and that the judgment in favor of the other defendants be reversed and the case remanded to the court below, with leave to the plaintiffs or any one of them to cite the Elijah Steel Church before the court as a party defendant, and that the costs of the appeal be paid, one-half by the defendants as to whom the case is remanded, and the other half by the plaintiffs.